IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RICKY BOLTON<br>TDCJ-CID No. 02456475,<br><br>    Plaintiff,<br><br>v.<br><br>AMARILLO POLICE DEPARTMENT, *et al.,*<br><br>    Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | 2:23-CV-112-Z-BR |

## **FINDINGS, CONCLUSIONS AND RECOMMENDATION TO DISMISS COMPLAINT**

Due to Plaintiff's failure to pay the filing fee and otherwise comply with orders issued in this case, the Magistrate Judge hereby recommends that the District Judge DISMISS this Complaint, as set forth below.

Plaintiff Ricky Bolton, acting *pro se* and while a prisoner in the Randall County Jail, filed suit pursuant to 42 U.S.C. § 1983 against the Amarillo Police Department and the Potter County District Court. (ECF No. 3). Because he filed this action while a prisoner, Bolton is subject to the Prison Litigation Reform Act ("PLRA"). The PLRA provides that a prisoner who brings a civil action "shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). Under the PLRA, prisoners may not file an action without prepayment of the filing fee in some form. *Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241 (5th Cir. 1997) (citing § 1915(b)(2)).

On July 13, 2023, Bolton filed a deficient Motion to Proceed *In Forma Pauperis*. (ECF 5). On August 29, 2023, the Court issued a Notice of Deficiency, ordering Bolton to correct the deficiency by supplying the missing *In Forma Pauperis* Data Sheet by September 27, 2023. *Id.* The Notice of Deficiency also ordered Bolton to amend his Complaint within 30 days to submit

his lawsuit on the proper form. *Id.* Bolton has submitted neither the data sheet nor an Amended Complaint.

On September 22, 2023, Bolton submitted a change of address indicating that he was released from custody. (ECF 10). A prisoner who brings an action remains subject to the provisions of the PLRA requiring full payment of the filing fee, even if he is subsequently released from custody. *Gay,* 117 F.3d at 242. *See also* 28 U.S.C. § 1915(b)(1). By order dated October 17, 2023, Bolton was given 27 days to pay the filing fee and specifically warned that failure to do so would result in dismissal. (ECF No. 11). He has failed to pay the fee or otherwise respond; therefore, his case should be dismissed. *Griffin v. Flores*, No. 3:17-CV-198-G-BH, 2017 WL 6466615, at *2 (N.D. Tex. Nov. 27, 2017) (dismissing prisoner lawsuit under Rule 41(b) for failure to pay the remainder of the filing fee after his release from prison), adopted by, 2017 WL 6447237 (N.D. Tex. Dec. 18, 2017); *Mabry v. TDCJ*, 2013 WL 4522684 (E.D. Tex. August 23, 2013) (same); *Kohoutek v. Dallas Cty. Sheriff's Dept.*, No. 3:10-CV-1780-B, 2010 WL 4721347 (N.D. Tex. Oct. 29, 2010) (same), adopted by, 2010 WL 4721350 (N.D. Tex. Nov. 19, 2010).

The undersigned finds that Plaintiff's failure to comply with this Court's orders as set forth above warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the Court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (Section 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the Complaint filed by Ricky Bolton (ECF No. 3) be DISMISSED without prejudice.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED November 21, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

* <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir. 1988).